# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES CHARLES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | No. 14-cr-77-TLN<br><br>**ORDER** |

The matter is before the Court on Petitioner Frances Charles's ("Petitioner") Motion for Modification or Reduction of Sentence, filed on January 29, 2015. The Government has not filed an opposition. For the reasons discussed below, Petitioner's motion is DENIED.

Petitioner was sentenced on October 2, 2014 on Count 1 in the information, mail fraud in violation of 18 U.S.C. §1341, and Count 6 in the information, aggravated identity theft in violation of 18 U.S.C. § 1028A. At sentencing, the Court adopted the sentencing calculation of offense level, criminal history category, and guideline range of imprisonment, which were stated in the final Presentence Report ("PSR") (ECF No. 28). The final offense level for Count 1 was 22. Petitioner's criminal history points totaled 7, establishing a criminal history category of 4. The guideline range of imprisonment for Count 1 was 63 to 78 months. The guideline range of

imprisonment for Count 6 was 24 months, to run consecutively to the imprisonment term imposed for Count 1.  *See* 18 U.S.C. § 1028A(a)(1) (a defendant "shall in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years"); 18 U.S.C. § 1028A(b)(2) ("except [for circumstances not relevant here], no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law").

As stated at sentencing, the Court arrived at the 65 month sentence, requested by the Government in its 5K1.1 motion, by departing from the guideline range for Count 1, mail fraud, to impose a term of 41 months; and keeping intact the 24 month statutory requirement for Count 6, aggravated identity theft.  Counts 1 and 6 were stated to run consecutively, thus arriving at the sentence of 65 months.

It is not clear to the Court on which basis Petitioner now seeks relief.  On review, the Court has considered the interaction of Guidelines § 1B1.10(c) ("Cases Involving Mandatory Minimum Sentences and Substantial Assistance"); Guidelines § 5K1.1 ("Substantial Assistance to Authorities"); and 18 U.S.C. § 1028A (providing for a consecutive term of imprisonment of 24 months).  It is unclear if a different way of calculating the guideline range, departing per the Government's 5K1.1 motion, or running the terms for Counts 1 and 6 consecutively, should have been done.  *See* Guidelines § 1B1.10(c) (when a statutory minimum and a motion to depart per substantial assistance is involved, then "the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).).."  However, the Court does not view the ultimate sentence imposed, of 65 months imprisonment, to be unauthorized.

The instant petition also states that Petitioner's criminal history points, when totaled, should have been 5, placing Petitioner in a criminal history category 3.  Petitioner appears to state that retroactive amendments to the guidelines, enacted in 2007, were not incorporated into the court's determination of the criminal history category.  However, the PSR's calculation of Petitioner's offense level, adopted by the Court, used the 2013 Guidelines Manual (PSR ¶ 13), and the Court infers the same manual was used to calculate Petitioner's criminal history.  The

PSR's calculation of criminal history is contained in paragraphs 28 through 36. On review, the Court finds no error in an assessment of 7 criminal history points, and thus a criminal history category 4, which were used to set the guideline range at the time of sentencing. Petitioner does not indicate any specific items of criminal history that were wrongly included on the PSR.

Petitioner also argues that a reduction in sentence is warranted because the sentencing guidelines are advisory. *See US v. Booker*, 543 U.S. 220 (2005). The advisory role of the guidelines was noted by the Court at the time of sentencing.

For the foregoing reasons, Petitioner's Motion for a Modification or Reduction of Sentence (ECF No. 33) is DENIED. This is without prejudice to refile should valid grounds for a modification or reduction of sentence exist.

Dated: March 13, 2015

Troy L. Nunley
United States District Judge