UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>FRANCES MARIE CHARLES,<br><br>Movant. | No. 2:14-cr-77-TLN-EFB P<br><br><br><br>ORDER |

Movant Frances Marie Charles is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. §2255.  Charles challenges her sentence of 65 months in prison on charges of identity theft and credit card fraud.  One of her claims for relief is that her trial counsel rendered ineffective assistance in failing to challenge the validity of two prior convictions that were listed in the presentence report (PSR) and used to calculate her criminal history score.

The PSR listed five prior convictions which were used to calculate Charles' criminal history score. ECF No. 28 at 6-7.  The first one listed is a San Joaquin County Superior Court conviction for Fraud to Obtain Aid, in case No. SM218319A.  *Id.* at 6.  The PSR reflects that Charles was arrested in that case on January 14, 2002, and was sentenced on June 28, 2002 to 3 years probation and 10 days in jail.  *Id.*  Charles alleges in her § 2255 motion that she was not sentenced on June 28, 2002, and that her fraud conviction should not have been used in

1

calculating her criminal history score because it occurred more than ten years prior to her current charges. The government counters that Charles was sentenced on June 28, 2002, as reflected in the PSR, and that the fraud conviction was therefore properly listed in the PSR and used to calculate Charles' criminal history score because it was imposed within 10 years of the June 1, 2012 commencement of the instant case. ECF No. 42 at 5. After conducting preliminary independent research, this court has been informed that on May 16, **2001**, in Case No. SM218319A, petitioner was arraigned on charges of Fraud to Obtain Aid and was sentenced on June 28, **2001** to 3 years probation and 10 days in jail. Although San Joaquin County Superior Court records reflect several other developments in this case, this court has been informed that there is no docket entry for June 28, 2002.

      The PSR also lists a San Joaquin County Superior Court conviction for possession of a controlled substance (cocaine). In her § 2255 motion, Charles argues that this conviction should not have been used to increase her criminal history score because it was a deferred prosecution for which she successfully completed a drug treatment program, thereby expunging the conviction from her record. The government counters that even assuming the truth of Charles' representation that she received a deferred entry of judgment probationary sentence in this case, the United States Sentencing Guidelines (U.S.S.G.) dictate that this conviction was properly used to calculate her criminal history score. In the traverse, Charles argues that U.S.S.G. 4A1.2(f) precludes a diversionary disposition from being counted in calculating a criminal history score. Neither party has filed court documents relating to Charles' conviction for possession of a controlled substance or her conviction for Fraud to Obtain Aid.

      In light of the foregoing, and good cause appearing, IT IS ORDERED that within 30 days from the date of this order:

      1. The government shall provide the court with copies of all relevant documents pertaining to Charles' San Joaquin County Superior Court misdemeanor conviction for Fraud to Obtain Aid in Case No. SM218319A, including documents reflecting the date she was sentenced.

/////

/////

    2.  The government shall file an amended answer addressing the impact, if any, on Charles' criminal history category score if her conviction for fraud in Case No. SM218319A was incorrectly utilized to calculate that score.

    3.  The government shall provide the court with copies of all relevant documents pertaining to Charles' San Joaquin County Superior Court conviction for possession of a controlled substance, including the sentence she received and whether the conviction was ordered expunged from her record.

    4.  The government shall include in its amended answer an updated analysis of whether Charles' conviction for possession of a controlled substance should have been used to calculate her criminal history score and the impact, if any, of U.S.S.G. 4A1.2(f) on this analysis.

DATED: July 26, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE